ALL CONTINENT CORPORATION, Landlord, Respondent, *v.* PAPPY'S, INC., Tenant, Appellant, and MAMMY'S, INC., Undertenant, Appellant.

Supreme Court, Appellate Term, First Department, June 29, 1950.

*Philip Feldman* and *M. James Spitzer* for appellants.

*Alexander Stone* and *Seymour A. Levy* for respondent.

*Per Curiam.* Instructing the jury that in assessing the good faith of the landlord it might consider those provisions of the emergency rent statutes rendering a landlord liable in damages to a dispossessed tenant for the landlord's failure to occupy and use the premises, together with the statement of the court to the jury during trial conveying the court's opinion as to the effect of such laws, was prejudicial to tenant and constituted reversible error (*Feinberg* v. *Krebs Elec. & Mfg. Co.*, 81 N. Y. S. 2d 708; *Papadatos* v. *Intorcia*, N. Y. L. J., May 26, 1950, p. 1882, col. 1 [App. Term, 1st dept.]).

The final order should be reversed and new trial ordered, with $30 costs to appellants to abide the event, and intermediate order affirmed. The affirmance of such order, however, is not intended as a ruling that the matter pleaded affirmatively in the stricken defense, is inadmissible upon the issue of landlord's good faith.

HOFSTADTER, PECORA and HECHT, JJ., concur.

Final order reversed, etc.